**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

THE UNITED STATES OF
AMEICA *ex rel.*,
@REALREPUBLICANPARTY,
COUNTY CONGRESS OF
FLORIDA, CHARLOTTE COUNTY
CONGRESS, CHARLOTTE
COUNTY ASSEMBLY, UNITED
STATES COUNTY CONGRESS,
UNITED COUNTIES OF
AMERICA, PALM BEACH
COUNTY ASSEMBLY, PAUL L.
NALLY, MICHAEL A. ZARZANO,
CYNTHIA D. COMPTON,
GEORGE DENISCO, and
KIMBERLY HOECHSTETTER,

      Petitioners,

v.                                                  Case No: 2:21-mc-16-SPC-MRM

_____/

**<u>ORDER</u>**[1]

Before the Court is Petitioners' Petition to the United States Grand Jury

for Criminal Violations of Civil Rights (Doc. 1). The Petition identifies several

Petitioners, including what appears to be a Twitter handle or Facebook account

suing on behalf of the United States of America. The Petition is signed and

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using
hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties
or the services or products they provide, nor does it have any agreements with them. The
Court is also not responsible for a hyperlink's availability and functionality, and a failed
hyperlink does not affect this Order.

submitted by Kent Peed from Louisville.  And the Petition seems nearly identical to two others filed recently—2:21-mc-15 and 2:21-mc-17.

In federal court, "parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.  Peed is not identified as a Petitioner or lawyer.  This is problematic for several reasons.

It appears Peed is trying to bring a qui tam action under the False Claims Act: 31 U.S.C. § 3730(b)(1).  *See United States v. R&F Properties of Lake Cnty., Inc.,* 433 F.3d 1349, 1359 (11th Cir. 2005) ("The United States is the real party in interest in a qui tam action under the FCA even if it is not controlling the litigation." (citations omitted)).  Yet pro se individuals cannot do so. *Timson v. Sampson,* 518 F.3d 870, 874 (11th Cir. 2008).  As to Peed's effort to bring this action on behalf of the United States, therefore, the Petition is dismissed.

Even leaving that aside, Peed has a separate problem—he isn't an admitted lawyer.  "Membership or special admission in the Middle District bar is necessary to practice in the Middle District."  Local Rule 2.01(a).  What's more, "A party, other than a natural person, can appear through the lawyer only."  Local Rule 2.02(b)(2).  Peed is not admitted to the Middle District.  He isn't admitted to practice in Florida or Kentucky.  Nor has Peed given any

indication he is admitted elsewhere. Because Peed cannot represent anyone but himself pro se, the Petition is dismissed.

In short, the Petition must be dismissed, and the Court need not consider whether it states any claim for relief.

Accordingly, it is now

**ORDERED:**

(1) Petitioners' Petition to the United States Grand Jury for Criminal Violations of Civil Rights (Doc. 1) is **STRICKEN**.

(2) The Clerk is **DIRECTED** to close this miscellaneous case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 28, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE


Copies: All Parties of Record